**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: RANDALL JOSEPH HAKE and MARY ANN HAKE,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 4:06 MC 00111** |
| | | **BNK CASE. NO. 04-41352** |
| | | **ADV. PRO. NO. 06-04153** |
| **Debtors.** | | |
| _____ | | |
| **BUCKEYE RETIREMENT CO., L.L.C., LTD.,** | | |
| **Creditor/Plaintiff,** | | **JUDGE PETER C. ECONOMUS** |
| v. | | |
| | | **MEMORANDUM OPINION** |
| **RANDALL JOSEPH HAKE and MARY ANN HAKE,** | | **AND ORDER** |
| **Debtor/Defendants.** | | |

This matter is before the Court upon Plaintiff Buckeye Retirement Co.'s Motion To Withdraw the Reference. (Dkt. #1).

**I.  FACTUAL BACKGROUND**

This action arises from proceedings regarding the Chapter 7 bankruptcy petition filed by Randall J. Hake and Mary Ann Hake (the "Hakes" or "Defendants" or "Debtors"). See In re Randall J. Hake and Mary Ann Hake, Case No.: 04-41352 (Bankr.

N.D. OH.). Buckeye Retirement Co. ("Buckeye") is the largest unsecured creditor in the Hakes' case, with a pre-petition judgment against the debtors in excess of $1.8 million.

On August 21, 2006, Buckeye initiated an adversary proceeding against the Hakes. See In re Randall J. Hake and Mary Ann Hake, Case No.: 04-41352 (Bankr. N.D. OH.). In the adversary complaint, Buckeye makes a demand for a jury trial and objects to the Hakes' discharge, alleging five separate counts of malfeasance under 11 U.S.C. § Section 727 (Adversary Dkt. #1).

## II. LAW AND ANALYSIS

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Bankruptcy Act") vests in the district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, see 28 U.S.C. § 1334(b), but also permits the federal courts to refer bankruptcy cases automatically to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The Bankruptcy Act provides, however, for such reference to be withdrawn in limited situations. Section 157(d) of the Bankruptcy Act provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause show. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [11 U.S.C. §§ 101 et. Seq.] and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

This statute, which the courts have generally interpreted restrictively, contains two distinct provisions: the first sentence allows permissive withdrawal, while the

second sentence requires mandatory withdrawal in certain situations. In re Southern Indus. Mech. Corp., 266 B.R. 827 (W.D. Tenn. 2001); In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). Because withdrawal of a reference is not intended to be an "escape hatch" from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings. In re White Motor Corp., 42 B.R. 693 (N.D. Ohio 1984). The moving party has the burden of proving that the reference should be withdrawn. In re Michigan Real Estate Ins. Trust, 87 B.R. 447 (E.D. Mich. 1988); In re Vicars, 96 F.3d at 949.

Plaintiff argues that sufficient "cause" exists to withdraw reference. The permissive withdrawal provision contained in 28 U.S.C. § 157(d) allows a district court to withdraw any proceeding "for cause shown."[1] Although "cause" is not defined in the statute, the majority of the Courts of Appeals rely on essentially the same formula for determining whether cause has been shown. These courts suggest that a district court consider and weigh the following factors:

    (1) whether the claim is core or non-core;
    (2) whether the claim is legal or equitable;
    (3) whether the claim is triable by a jury;
    (4) the most efficient use of judicial resources;
    (5) reduction of forum shopping;
    (6) conservation of parties' resources; and
    (7) uniformity of bankruptcy administration.

In re Orion Pictures Corp., 4 F.3d at 1101 (2nd Cir.1993); accord Dionne v. Simmons,

---

[1] The mandatory withdrawal provision of 28 U.S.C. § 157(d), which is triggered when the district court must consider federal law "regulating organizations and activities affecting interstate commerce," is not at issue here.

200 F.3d 738, 741 (11th Cir. 2000); Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir.1997); In re Pruitt, 910 F.2d at 1165 (3d Cir.1990). See also Holmes v. Grubman, 315 F.Supp. 2d 1376, 1381 (M.D. Ga. 2004); In re Lars, Inc., 290 B.R. 467, 469 (D. P.R. 2003); In re Coe-Truman Technologies, Inc., 214 B.R. 183, 187 (N.D. Ill. 1997).

In applying these factors, courts have emphasized that the "cause requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." See Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 370 (D. Del. 1989) (quoting Allard v. Benjamin (In re Delorean Co.), 49 B.R. 900, 912 (Bankr. E.D. Mich. 1985)).

The party moving to withdraw has the burden of proving that the reference should be withdrawn. Holland, 288 B.R. at 773. Here, Buckeye's sole argument is that the Court should withdraw the reference in order to promote judicial economy. See 28 U.S.C. § 157(e).[2] Specifically, Buckeye asserts that the Court should withdraw the

---

[2] Plaintiff appears to concede that the claims at issue in the adversary proceeding constitute "core proceedings." Core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H). The Plaintiff's Complaint asserts causes of action under 11 U.S.C. §§§§ 727(a)(2) & (3), (4), and (5). Section 727 is the federal bankruptcy discharge statute for individuals. Under Section 727, " a debtor in a Chapter 7 liquidation case qualifies for an order discharging his debts if he satisfies the conditions stated in § 727(a) of the Bankruptcy Code." Kontrick v. Ryan, 540 U.S. 443, 447 (2004). "A debtor's discharge may be opposed by the trustee, the United States trustee, or any creditor." Id. (citing 11 U.S.C. § 727(c)). "Adjudication of 'objections to discharge,' . . . is a 'core proceeding' within the jurisdiction of the bankruptcy courts." Kontrick v. Ryan, 540 U.S. at 447-48. Therefore, the Court notes that the present adversary proceeding constitutes a core proceeding, and that fact favors denying the motion

reference due to the bankruptcy judge's appearance of bias and actual bias against Buckeye. Buckeye contends that the bankruptcy judge is prejudiced against Buckeye, and, therefore, the judge cannot fairly preside over the trial. This appearance of bias is especially detrimental, Buckeye argues, given that the adversary proceeding will be tried by a judge and not a jury.

Buckeye cites Crown Leasing Corp. v. Johnson-Allen, 70 B.R. 350 (E.D. Pa. 1987) for the proposition that it is possible for a party to use a motion to withdraw the reference as a procedural alternative to a motion to recuse the bankruptcy judge for bias. In Crown Leasing Corp., the defendant in an adversary proceeding moved to disqualify the bankruptcy judge. Id. at 350. When the judge declined, the defendant filed a motion to withdraw the reference in the district court. The district court withdrew the reference, based on the appearance of bias stemming from the bankruptcy judge's involvement as a lawyer in litigation against the "rent-to-own" industry, of which the defendant was member. The court concluded that the judge's advocacy as a lawyer did not, by itself, present the appearance of bias. However, the court found that in combination with additional evidence of the judge's personal bias, withdrawal of the reference was appropriate. For example, as a lawyer, the judge expressed strong personal views on the subject in various newspaper articles and interviews. Furthermore, a lawsuit initiated by the judge when he was a lawyer was still pending, and the defendant in the case

---

to withdraw. See In re Conseco Finance Corp., 324 B.R. 50, 53 (N.D. Ill. 2005)("The fact that the Adversary Proceeding is a core proceeding cuts strongly against permissive withdrawal.").

5

before the judge was a member of the defendant class in that lawsuit. The court held that, given this combination of factors, withdrawal was appropriate. Id. at 351.

Crown Leasing Corp can be easily distinguished from the present adversary proceeding. Here, there is no evidence that the bankruptcy judge has expressed any personal bias towards Buckeye or people in similar proceedings. Buckeye primarily relies on allegations of the bankruptcy judge's hostility and dislike against Buckeye and Victor Buente ("Buente"), in-house counsel for Buckeye, as proof of the judge's bias. For example, Buckeye has submitted an affidavit of Buente, in which Buetene states that, "Judge Woods glares and scowls at Mr. Buenete, has a sarcastic tone to her voice when discussing Mr. Buente's arguments on behalf of Buckeye, and generally has a hostile and negative attitude towards Mr. Buente and his client, Buckeye." (Dkt. #1).

In addition, Buckeye points to the bankruptcy judge's order denying Buckeye's motion fo leave to file an adversary proceeding as further evidence of the bankruptcy judge's bias. (Dkt. #1, Ex. P). Specifically, on October 28, 2005, Buckeye filed a Motion for Leave of Court to File Adversary Proceeding, requesting permission to file an action against Mr. Hake and the custodian of his 401(k) retirement plan to recover $2,500 in contributions. The Hakes filed a memorandum in opposition, stating that the contributions in questions were post-petition personal earnings that were not part property of the estate. At a hearing on November 16, 2005, the bankruptcy court indicated that it would deny Buckeye's Motion for Leave, agreeing with the Hakes that their post-petition earnings were not property of the estate.

6

Two days after the hearing on the Motion for Leave, the bankruptcy court *sua sponte* entered an order directing Buckeye and its counsel to appear at a hearing on December 7, 2005, and show case "why they should not be sanctioned for filing the Motion for Leave on the basis that it was filed in violation of Fed. R.Bankr.P.9011(b)(1) and/or (2)." (Dkt. #1, Ex. I). The only witness at the hearing was Attorney Buente, who testified that he researched the legal issues "perhaps a full day, perhaps two full days," and denied that the motion was filed for the purpose of harassment, delay, or needlessly increasing the cost of litigation. (Dkt. #1, Ex. P). In an eleven-page order entered December 13, 2005, the bankruptcy court concluded that sanctions were appropriate "in the amount of Debtors' attorney's fees in responding to the Motion for Leave and appearing at the Hearing on such motion." (Dkt. #1, Ex. P). The court rejected Buente's assertion that the there was a good faith basis for the motion and found that Buente was not credible in stating that the Motion for Leave was not interposed for the purposes of delay. As stated by the court:

> Taking the case as a whole, the conduct of Buckeye Retirement amounts to harassment. So far in this case, Buckeye Retirement has (i) filed almost fifty (50) motions for Rule 2004 exams; (ii) objected to Debtors setting a bar date; (iii) objected to the extension of the Debtors' exclusivity period; (iv) sought the imposition of a Chapter 11 trustee; (v) filed duplicitive claims; (vi) filed, without leave of this Court, adversary proceedings allegedly on behalf of the estate seeking to avoid allegedly fraudulent transfers; and (vii) objected to every fee application filed by counsel for Debtors.

The Sixth Circuit Bankruptcy Appellate Panel's (the "BAP") subsequently upheld

the bankruptcy court's Order Imposing Sanctions. (Dkt. #1, Ex. P). Although Buckeye attempts to cite the BAP opinion as evidence of Judge Woods' bias, the quote cited in Buckeye's memorandum is particularly selective and misleading. Buckeye cites the portion of the BAP's opinion, in which the court finds that, "contrary to the bankuptcy court's observation, the Harp decision does provide support for Buckeye's position that Mr. Hake's earnings were property of the estate." (Dkt. #1). Buckeye fails to cite the very next sentence of the BAP opinion, in which the court upheld the bankruptcy court's imposition of sanctions:

> However, the bankruptcy court's finding that Rule 9011(b)(2) had been violated was not based only on the lack of support for the property of the estate argument... Buckeye failed to address in its Motion for Leave the Gibson Group test that under Sixth Circuit precedent determines whether a party may bring a derivative action on behalf of the estate.
>
> And while the Rule 9011 determination generally turns on an objective inquiry, the lack of objective support for Buckeye's position was exacerbated by the court's determination that Mr. Buente was not credible in his assertion that he had a good faith belief in the legal position underlying the Motion For Leave. The court's finding in this regard is supported by the fact that... the only case referenced... provided no authority on the issue since it addressed requirements under Chapter 13; and Mr. Buente also cited §1115 as though it were controlling even though it only applies to cases commenced on or after October 17, 2005, which would exclude the present case.

Buckeye Ret. Co., L.L.C., Ltd. v. Hake (In Re Hake), (6th Cir. BAP Sept. 14, 2006) at 11-12. There is nothing in the bankruptcy court's Order or the record that gives this Court pause. To the contrary, the bankruptcy judge has been exceedingly thorough, even issuing lengthy written orders on procedural issues. Furthermore, the bankruptcy

8

judge's decisions to impose sanctions against Buckeye was upheld by the BAP.

In light of these considerations, the court finds that the Defendants' motion to withdraw the reference should be **DENIED.**  (Dkt. #1).  The Defendant has failed to meet his burden of demonstrating this court's subject matter jurisdiction over his complaint.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[3]

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Withdraw Reference of Adversary Proceeding (Dkt. #1) is hereby **DENIED**.  (Dkt. #1).  Accordingly, the case is hereby **DISMISSED.**


**IT IS SO ORDERED.**

>  */s/ Peter C. Economus – 4/27/07*
>  **PETER C. ECONOMUS**
>  **UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that Defendants also assert that Plaintiff's Motion to Withdraw was not filed in a timely manner.  It is not necessary to determine the timeliness of the Motion, as withdrawal is not appropriate in the instant action.